UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| INSPIRED PHARMA SOLUTIONS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:17cv1621 SNLJ |
| | ) | |
| 5MRX LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendants' motions to dismiss (#21, #28). The matters have been fully briefed and are ripe for disposition.

**I.   Background**

According to the complaint, plaintiff Inspired Pharm Solutions, LLC ("Inspired") is in the business of providing a number of pharmacy, medication, sterilization, packing, and distribution solutions. Defendant William Negrini is president of defendant 5mRx LLC (collectively, "defendant"), which is in the business of developing, manufacturing, and selling automation hardware, software, and packaging products. Defendant 5mRx manufactures the M-Pack pharmacy vial, which is a flat, rectangular, pharmaceutical vial.

In December 2015, plaintiff and defendant entered into an Agreement under which plaintiff was to provide repackaging, fulfillment, and pack and ship services of pharmaceuticals for defendant. Plaintiff was to repackage and ship pharmaceuticals in M-Pack vials on behalf of defendant. The parties agreed to volume-based pricing, and

1

defendant agreed to be billed a minimum amount each month regardless of volume after the plaintiff had been operational for six months.

Plaintiff made significant preparations to becoming operational to perform under the contract, including entering into a 12-month lease, engaging in demolition and construction, establishing technology infrastructure, and purchasing of furniture and equipment, among others. Plaintiff informed defendant that it was operational on March 24, 2016.

Negrini "repeatedly told" plaintiff that fulfillment orders and M-Packs would be forthcoming. On August 8, 2016, plaintiff again informed defendant it was ready to perform. In October 2016, plaintiff began to bill defendant for 50,000 M-Packs pursuant to the terms of the agreement. Plaintiff sent invoices to defendant in October 2016, November 2016, December 2016, January 2017, and February 2017. Defendant did not pay any amount on the invoices. Plaintiff never received any work, orders, payment, or M-Packs from defendant.

Plaintiff filed this lawsuit on April 27, 2017 in the Circuit Court for St. Louis County. It brings three counts. Count I is for breach of contract against defendant 5mRx alone. Counts II and III are for fraudulent and negligent misrepresentation against both defendants. Defendants have moved to dismiss.

## II.     Legal Standard

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and deigned to fail, thereby sparing litigants the burden of

unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (citing *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)). "To survive a motion to dismiss, a claim must be facially plausible, meaning that the 'factual content. . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Cole v. Homier Dist. Co., Inc.*, 599 F.3d 856, 861 (8th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court must "accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Id.* (quoting *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005)). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster. *Iqbal*, 556 U.S. at 678.

## III. Discussion

Each count is discussed in turn below.

### A. Count I – Breach of Contract

Defendant insists that Count I should be dismissed because it is excused from performance due to "economic or commercial frustration." Defendant does not suggest that plaintiff failed to plead all the elements of a breach of contract claim. Instead, defendant argues that the "doctrine of commercial frustration" applies. Defendant goes on to explain that the Agreement called for plaintiff

> "to repackage and ship pharmaceuticals in M-Pack vials' on behalf of 5mRx through Health Star International's ("Health Star") hospital pharmacies. (Petition ¶ 11). Due to unavoidable delays of Health Star's hospital pharmacy projects, Health Star is unable to begin selling 5mRx's products. Consequently, the purpose of the intended contract under which [plaintiff] was to "repackage and ship pharmaceuticals in M-Pack vials" is not only frustrated, but is an impossibility. Health Star's inability to sell

3

>   5mRx's products was unforeseen by the parties at the time they each
>   entered into the Agreement for the sale of the repackaged pharmaceuticals
>   through Health Star's pharmacies.

(#22 at 4.) Defendant says that, as a result, the Agreement contained an "unmet essential condition" and thus the Agreement is unenforceable.

Defendant does not argue that plaintiff failed to allege facts supporting each element for a breach of contract claim. Instead, defendant argues that plaintiff's breach of contract claim should be dismissed because plaintiff failed to plead facts that show the doctrine of commercial frustration does not apply. That doctrine, however, is an affirmative defense to enforcement of a contract for which defendant bears the burden of proof. *See Dudley v. St. Regis Corp.*, 635 F. Supp. 1468, 1472 (E.D. Mo. 1986). Moreover, defendant's argument relies on numerous allegations not found anywhere in the plaintiff's complaint. This Court generally cannot consider materials outside the pleadings, *Noble Sys. Corp. v. Alorica Cent., LLC*, 543 F.3d 978, 982 (8th Cir. 2008), and, as a result, defendant's argument for dismissal of Count I must fail. Defendant's commercial frustration argument may be appropriately raised as an affirmative defense and not as an argument for dismissal.

> B.   **Count II -- Fraudulent Misrepresentation**

Missouri law requires plaintiff prove the following nine elements for fraudulent misrepresentation:

> The elements of fraudulent misrepresentation are: (1) a representation; (2)
> its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or
> ignorance of its truth; (5) the speaker's intent that it should be acted on by
> the person in the manner reasonably contemplated; (6) the hearer's
> ignorance of the falsity of the representation; (7) the hearer's reliance on

4

the representation being true; (8) the hearer's right to rely thereon; and (9) the hearer's consequent and proximately caused injury.

*Renaissance Leasing, LLC v. Vermeer Mfg. Co.*, 322 S.W.3d 112, 131–32 (Mo. *banc* 2010). Such a claim must also meet the requirements of Federal Rule of Civil Procedure 9(b), which

> demands a higher degree of notice than that required for other claims, and is intended to enable the defendant to respond specifically and quickly to the potentially damaging allegations. To satisfy the particularity requirement of Rule 9(b), the complaint must plead such facts as the time, place, and content of defendant's false representations, as well as the details of the defendant's fraudulent acts, including when the acts occurred, who engaged in them, and what was obtained as a result.

*United States ex rel. Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 556 (8th Cir. 2006). "Put another way, the complaint must identify the 'who, what, where, when and how' of the alleged fraud." *Id.*; *see also Arthur v. Medtronic, Inc.*, 123 F. Supp. 3d 1145, 1149 (E.D. Mo. 2015).

Plaintiff alleges that defendant Negrini, in his capacity as president of 5mRx, told plaintiff that fulfillment orders and M-Packs would be forthcoming. Plaintiff contends those facts are sufficient and particular enough to provide defendant with notice of the "who, what, where, when, and how" of the alleged fraud. This Court disagrees. The Eighth Circuit requires that the plaintiff "specify the time, place, and content of the defendant's false representations." *Streambend Properties II, LLC v. Ivy Tower Minneapolis, LLC*, 781 F.3d 1003, 1013 (8th Cir. 2015) (internal quotation omitted). Plaintiff has not done so here.

5

In addition, defendants contend that plaintiff's fraudulent misrepresentation claims are barred by the economic loss doctrine. "The economic loss doctrine prohibits a plaintiff from seeking to recover in tort for economic losses that are contractual in nature." *Trademark Med., LLC v. Birchwood Laboratories, Inc*., 22 F. Supp. 3d 998, 1002 (E.D. Mo. 2014). "Under Missouri law, a fraud claim to recover economic losses must be independent of the contract or such claim would be precluded by the economic loss doctrine." *Id.* (internal quotation omitted).

> Two key factors in examining whether a fraud claim is independent of a contract claim under the economic loss doctrine are: (1) whether the subject matter of the alleged misrepresentations was incorporated into the parties' contract; and (2) whether the plaintiff suffered additional damages outside the contract as a result of the alleged fraud.

*Id.* (citing *Compass Bank v. Eager Road Associates, LLC*, 922 F. Supp. 2d 818, 827 (E.D.Mo. 2013)). Plaintiff insists that defendant Negrini's repeated representations that fulfillment orders and M-Packs were forthcoming was a misrepresentation that was collateral to the parties' contract. Some courts have barred claims based on misrepresentations about an *intent* to perform under the economic loss doctrine while allowing claims based on *ability* to perform. *Superior Edge, Inc. v. Monsanto Co*., 44 F. Supp. 3d 890, 905 (D. Minn. 2014) (applying Missouri law). Representations regarding the ability to perform have been allowed because they relate to the inducement of the contract, not the performance of its terms. *Id.*

As this Court reads the complaint, three months after plaintiff signed the contract, plaintiff informed defendant that it was operational and ready to perform (#4 at ¶ 20); then, defendant Negrini made representations confirming the "forthcoming" orders (*Id.* ¶

6

21). The alleged misrepresentations thus occurred after the contract was signed and could not have been an inducement to entering the contract. Rather, the misrepresentations were about defendants' intent to perform. As a result, the economic loss doctrine bars the plaintiff's tort claim, and Count II will be dismissed without prejudice.

### C. Count III --- Negligent Misrepresentation

The economic loss doctrine applies to plaintiff's claim for negligent misrepresentation for the same reasons it applies to plaintiff's fraudulent misrepresentation claim. Thus Count III will be dismissed without prejudice as well.

### D. Defendant William Negrini

Counts II and III were also brought against defendant Negrini. The economic loss doctrine requires that those Counts against him must be dismissed for the same reasons the Counts against defendant 5mRx were dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that defendant 5mRx, LLC's motion to dismiss (#21) is **GRANTED** in part and **DENIED** in part.

**IT IS FURTHER ORDERED** that defendant William Negrini's motion to dismiss (#28) is **GRANTED**.

**IT IS FINALLY ORDERED** that Counts II and III are hereby **DISMISSED** without prejudice.

Dated this __1st__ day of February, 2018.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE